**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

TRYDELL WARD, a minor, by and
through his mother TEMIKA WARD                                           PLAINTIFF

v.                                                                       Civil Action No. 3:05-cv-369HTW-JCS

ROXY INVESTMENTS, L.P., a/k/a
GROVE APARTMENTS and JOHN
DOES 1-10                                                                DEFENDANTS

**ORDER DENYING REMAND**

Before this court is plaintiff's Motion to Remand this civil lawsuit to the Circuit Court of the First Judicial District of Hinds County, Mississippi, said Motion being brought pursuant to Title 28 U.S.C. § 1447(c)[1] **[docket # 5 and # 7]**. Plaintiff here is Trydell Ward ("Ward"), a minor, who is before this court by and through his mother, Temika Ward. In his complaint for compensatory and punitive damages, plaintiff requests relief under the asserted claims of premises liability and gross negligence. Defendants herein are Roxy Investments, L.P. ("Roxy"), and John Does 1-10.

Defendant Roxy initially removed this lawsuit to this federal forum on the theory that complete diversity of citizenship among the parties is featured as required by Title 28 U.S.C. § 1332.[2] The operative clause of § 1332 requires the satisfaction of two

---

[1] Title 28 U.S.C. § 1447(c) provides in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[2] Title 28 U.S.C. § 1332 which provides in pertinent part that "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.


jurisdictional requisites: diversity of citizenship and the requisite amount in controversy, namely $75,000.00, exclusive of costs and interest. The parties agree that the amount in controversy involved in this lawsuit meets the minimum jurisdictional threshold.

Plaintiff contends in his Motion: 1) that defendants' Notice of Removal was untimely filed; and 2) that this lawsuit does not feature diverse parties. Plaintiff, a Mississippi resident, alleges that Roxy is a Mississippi business entity because it was formed and organized under the laws of the State of Mississippi. Plaintiff further alleges that Roxy's principal place of business is Mississippi. Defendant Roxy counters, arguing that Roxy is solely a California business entity, neither organized under the laws of the State of Mississippi, nor doing business in this State. This court is so persuaded and, therefore, for the reasons stated below, the court finds plaintiff's motion not well-taken and must deny the motion since this court has subject matter jurisdiction over this dispute under § 1332.

### **RELEVANT FACTS**

On March 18, 2005, plaintiff filed this lawsuit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, asserting the state law claims of premises liability and gross negligence. Plaintiff alleges that he was injured while on the property of Roxy. On June 13, 2005, defendant Roxy removed this litigation to this federal forum pursuant to this court's diversity jurisdiction under Title 28 U.S.C. § 1332. Plaintiff then filed his Motion to Remand this lawsuit to state court on August 1, 2005, arguing that the defendant's removal of this matter was untimely and that complete federal diversity of citizenship is not present in this lawsuit.

Plaintiff alleges that on April 13, 2005, he served defendant Roxy and its registered agent for accepting service of process, Bobby Covington ("Covington"), an attorney associated with the Watkins Eager Law Firm. Roxy disagrees, asserting that at that time plaintiff failed to effectuate service on both it directly and its registered agent. Roxy argues that plaintiff did not perfect service on it and its agent until May 31, 2005. On that occasion, says Roxy, plaintiff's counsel contacted Sedra N. Allison, who is Covington's secretary and the individual authorized to receive service on Covington's behalf.

Challenging plaintiff's contention that the parties are not diverse and that Roxy is, too, a Mississippi citizen, Roxy contends that it is a California business entity. If so, as as Roxy argues, this court would lack subject matter jurisdiction under § 1332.

## **REMAND STANDARD**

As courts of limited jurisdiction,[3] federal courts are obligated to ascertain subject matter jurisdiction under the presumption that a lawsuit lies outside its jurisdiction before resolving any other element of the suit. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993, 122 S. Ct. 459, 151 L. Ed. 2d 377 (2001). A defendant who removes an action from state court to federal court bears the "heavy" burden of demonstrating this court's subject-matter jurisdiction and that removal was proper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d

---

[3]This limited jurisdiction extends only as far as the United States Constitution and federal statutes allow. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). Article III, Section 2 of the United States Constitution provides in pertinent part that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."

812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 114 S. Ct. 192, 126 L. Ed. 2d 150 (1993); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981); *see also* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739, at 424 (3d ed. 1998) ("It is . . . well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction . . . to show that the requirements for removal have been met."). Furthermore, the removal statutes are to be strictly construed with all doubts and ambiguities to be resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

## **ANALYSIS**

A.    <u>Whether Defendant Roxy Timely Removed This Matter to This Federal Forum</u>

Although federal law requires the defendant to file a removal motion within thirty days of service, the procedure for "service of process" is defined by state law. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 352-53 (1999). Under the Mississippi Rule of Civil Procedure 4(d) ("Rule 4(d)"), service may be effectuated on a foreign or domestic corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized ... by law to receive service of process." The Mississippi Code further states that service may be effected on a corporation by serving the president or other head of the corporation, upon the cashier, secretary, treasurer, clerk, or agent of the corporation, or upon any one of the directors of such corporation." MISS. CODE ANN. § 13-3-49 (2002). Additionally, corporations authorized to transact business in Mississippi are required to

4

maintain, within the state, a registered office and a registered agent to whom a summon and complaint may be served. MISS. CODE ANN. § 79-4-15.07 (2001). A registered agent is defined as an individual, a not-for-profit, or a corporation. *Id.*

The court is not convinced that plaintiff perfected service on either Roxy or its registered agent on April 13, 2005. Plaintiff asserts that he served Roxy through Mildred Burt, manager of The Grove Apartments; however, Roxy sold The Grove Apartments on June 15, 2004, and did not maintain a business relationship with Mildred Burt on April 13, 2005. In addition, Mildred Burt was not an officer, a managing agent, a general agent, or any other agent authorized to receive service of process on behalf of Roxy on April 13, 2005. As such, pursuant to Rule 4(d), this court is convinced that plaintiff did not effectuate service on Roxy when he purported to serve Mildred Burt on April 13, 2005.

Plaintiff also contends that he perfected service on Roxy's registered agent, Covington, on April 13, 2005, when he delivered a copy of the summons and complaint to the Watkins Eager Law Firm. In support of this contention, plaintiff points to the Proof of Service signed by Chris Barber, a process server, stating that he had delivered copies of the summons and complaint to the Watkins Eager Law Firm.

Roxy disagrees, arguing that Covington was not served on April 13, 2005. Roxy contends that Covington was out of town on that date. The Proof of Service does not state to whom the process server delivered the documents, and plaintiff did not file a response with this court addressing the issue of whom he served at the Watkins Eager Law Firm.

5

Based on these facts, the court determines that service was not effected on Covington on April 13, 2005. In *Anderson Mercantile Company v. Cudahy Packing Company*, 90 So. 11 (Miss. 1921) , the court determined that service of process was insufficient where the return of service indicated personal delivery on the corporation, without identifying who had received service. The Mississippi Supreme Court reiterated this understanding in *First Jackson Securities Corporation v. B.F. Goodrich Company*, 176 So.2d 272, 274-75 (Miss. 1965), where a secretary received service for a domestic corporation but failed to deliver the papers to the appropriate persons. There the court found that when the defendant is a corporation, service of process must be delivered or served on an official or proper person on behalf thereof." *Id.* at 276. In the instant case, the proof of service does not state who received the service documents, nor does it demonstrate that the documents were delivered to an appropriate individual at the Watkins Eager Law Firm. Accordingly, this court determines that service of process was not perfected on Covington on April 13, 2005. The court finds instead that service of process was effectuated on May 31, 2005, when plaintiff's counsel delivered the documents via facsimile to Sedra Allison.

Defendant Roxy filed its Notice of Removal on June 13, 2005. This filing occurred less than thirty (30) days after plaintiff had effectuated proper service of process upon Roxy. As earlier stated, this court is persuaded that plaintiff properly served Roxy on May 31, 2005. Accordingly, this court finds that Roxy timely removed this lawsuit pursuant to the rubric of Title 28 U.S.C. § 1447(c).

6

B.  Party Diversity

The court applies federal common law to determine the citizenship of the parties. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The party claiming federal jurisdiction carries the burden of proving diversity when challenged by the adverse party. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th. Cir. 1974). Definitions are important: "citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Id*. Diversity must exist at the time the action is commenced. *Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 876 n.5 (5th Cir. 2004).

Defendant Roxy contents that it is a partnership whose members are all citizens of the State of California. As such, Roxy contends, citing the Fifth Circuit's holding in *Bankston v. Berch*, 27 F.3d 164 (5th Cir. 1994), that the partnership itself is a citizen of California.

Plaintiff says the facts here are different, arguing that the instant case is distinguishable because Roxy was formed and organized under the law of Mississippi, conducts business in Mississippi, and maintains public record with the Secretary of State. None of these factors, however, carries the argument for plaintiff. Apropos federal jurisprudence clearly states that for the purpose of establishing *federal diversity jurisdiction*, "the partnership itself is considered a citizen of every state of which a general or limited partner is a citizen. *Bankston*, 27 F.3d at 165 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196, 110 S. Ct. 1015, 1021 (1990) (emphasis added)). The Roxy partnership is comprised of four entities, all of which are citizens of the state of California. Plaintiff provides no authority that supports his proposition that Roxy's

citizenship should not be determined by the citizenship of the general and limited partners. Consequently, this court determines that Roxy is a citizen of the State of California, and that complete diversity is present in this case. Accordingly, this court concludes that it has subject matter jurisdiction over this civil lawsuit.

C.     Fictitious Parties

The proper parties here are plaintiff and defendant Roxy. Although plaintiff has named additional defendants, namely John Does 1-10, this court ignores these fictitious defendants pursuant to the aegis of Title 28 U.S.C. § 1441(a), which provides: "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded."

## **CONCLUSION**

This court finds that defendant Roxy properly and timely removed this lawsuit from state court to this federal forum. The parties are diverse in citizenship and this case features the requisite amount in controversy. Since this court has subject matter jurisdiction under § 1332, the court, therefore, must deny plaintiff's motion to remand **[docket # 5 and # 7]**. The parties are directed to contact the assigned Magistrate Judge within ten (10) days of this Order for a Case Management Conference.

**SO ORDERED, this the 9th day of January, 2006.**

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:05-cv-369HTW-JSC
Order Denying Motion to Remand